IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JOHN ANDREW BLAES** *

v. * CRIMINAL NO. JKB-12-0247

**UNITED STATES OF AMERICA** *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

John Andrew Blaes ("Mr. Blaes" or "the Defendant") appeared before the Court for Sentencing in this matter on February 19, 2013, and he was ordered to serve 324 months incarceration on each of Counts I and II, with the sentences to be served concurrently (ECF No. 69). Now pending before the Court is Mr. Blaes' Motion to Vacate, Set Aside or Correct the Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 91). Affidavits have been filed in support of the Petition (See, e.g., ECF No.s 95, 98), and the Government has filed a response opposing the motion (ECF No. 97). Mr. Blaes has replied to the Government's response (ECF No. 101). No hearing is warranted in light of the allegations and the content of the record. The motion will be DENIED by separate order.

The Court has carefully reviewed the papers referenced above as well as the full record in this case. The Court is satisfied that the conduct of Mr. Blaes' attorney, Mr. Stephen Tully, fell "within the range of competence normally demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record reveals that there were no material omissions in Mr. Tully's advocacy at sentencing, as measured against the "after the fact" accusations made by post-conviction counsel. The complaint about a one week discrepancy in dates in the factual sequence is immaterial. The attacks on Mr. Tully's review and response to

the Presentence Report lacks specificity and provides an insufficient basis for questioning the adequacy of his work. The four-point sentence enhancement in relation to sadistic or masochistic conduct is amply justified by the record, even in the proffered circumstance where the Defendant was merely acceding to the child victim's requests that he cut her. Whether the Defendant affirmatively enticed the victim or merely took advantage of her youthful misjudgment when he initiated a sadistic sexual relationship is not an important question in the broader context, i.e., the Defendant, an adult in his 40's, entered into a sadistic sexual relationship with a child whom he believed to be 16 years of age, and then engaged in this conduct for months. The enhancement was warranted regardless. Mr. Tully's failure to request a psychosexual exam was of no consequence given that the Court accepted that the Defendant himself had been sexually abused as a child, and that this mitigated his culpability. The Court found, regardless, the need to protect the public trumped such mitigation and that a 27 year term of incarceration was necessary on public safety grounds. The complaint that Mr. Tully failed to attack the government's sentencing memorandum lacks sufficient specificity to allow the Court to conclude that the attorney's performance was deficient or that there was prejudice. Mr. Tully (and/or the Probation Officer through the presentence investigation) revealed the Defendant's prior history of substance abuse and mental illness as well as his sexual abuse victimization. The record reveals that these factors were carefully considered by the Court when the sentence was fashioned.

No doubt Mr. Tully made certain tactical choices in his representation of Mr. Blaes. This was counsel's role and responsibility, and the record reveals that the choices made were well within the *Strickland* standard in this difficult case. Ultimately, in part because of Mr. Tully's advocacy, the Defendant did not receive a sentence of life in prison even though that was what

his guideline computation advised. On the other hand, despite Mr. Tully's advocacy, the Defendant did receive a sentence of 27 years, and as the record makes clear the length of the sentence was driven by the Court's conclusion that Mr. Blaes was unable or unwilling to control his impulse to engage in sadistic sexual activity with minors and therefore was profoundly dangerous.

The Court finds that Mr. Tully's performance was not deficient. Further, the Court finds that even if there were deficiencies as alleged by post-conviction counsel, most certainly there was no prejudice to the Defendant as the sentence was compelled first and foremost by the Defendant's prolonged and sadistic sexual exploitation of the minor victim, and this central factor was not made more compelling by any deficiencies in the representation provided by Mr. Tully. Further, any deficiencies in his performance did not result in a failure to dampen the effect of this driving factor.

DATED this __2__ day of May, 2014.

BY THE COURT:

James K. Bredar
United States District Judge